UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDY LIGHTFOOT                                CIVIL ACTION

VERSUS                                          NO. 17-8698

JOHNSON & JOHNSON ET AL.                        SECTION "R" (3)


## ORDER AND REASONS

Before the Court is Defendant Johnson & Johnson's unopposed motion to stay this case pending its likely transfer to *In re: Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2738, in the District of New Jersey.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Brandy Lightfoot sued Johnson & Johnson, Johnson & Johnson Consumer Inc., Imerys Talc America, Inc., and K&B Louisiana Corp. in state court on August 1, 2017.[2] Plaintiff asserts that she developed ovarian cancer from using products, like Johnson & Johnson Baby Powder and Shower to Shower, that contained talcum powder. Johnson & Johnson

---

[1]   R. Doc. 5.
[2]   *See* R. Doc. 10-1.

removed this case to federal court on September 6, 2017,[3] and one day later moved to stay proceedings pending the likely transfer to the MDL. The Judicial Panel on Multidistrict Litigation entered a conditional transfer order on September 12, 2017.[4] Plaintiff has opposed transfer to the MDL,[5] though she has not opposed a stay.

Two other motions are pending in this case. First, plaintiff moved to remand to state court on the ground that complete diversity is lacking.[6] Second, Imerys moved to dismiss for lack of personal jurisdiction.[7] Both motions are opposed.[8]

## II. DISCUSSION

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to grant a motion to stay, the Court considers: "(1) the potential prejudice to the non-moving party; (2) the

---

[3] R. Doc. 1.
[4] R. Doc. 13-1.
[5] *See* R. Doc. 13 at 4.
[6] R. Doc. 6. Plaintiff contends that both she and Defendant K&B Louisiana Corp. are citizens of Louisiana.
[7] R. Doc. 7.
[8] *See* R. Doc. 9 (Johnson & Johnson's opposition to plaintiff's motion to remand); R. Doc. 13 (plaintiff's opposition to Imerys's motion to dismiss).

hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation" if the case were in fact transferred to the MDL. *Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498, at *2 (E.D. La. Oct. 19, 2011).

Here, Johnson & Johnson would be prejudiced if it were forced to litigate the same issues in both this Court and the MDL. Additionally, a stay pending a determination regarding transfer to the MDL transferee court is in the interests of judicial economy. Staying consideration of plaintiff's motion to remand and Imerys's motion to dismiss for lack of personal jurisdiction will prevent the risk of inconsistent and conflicting rulings while conserving judicial resources. Finally, plaintiff does not identify any prejudice from a stay of this action, nor does she oppose Johnson & Johnson's motion to stay. Accordingly, the Court finds that this action should be stayed pending a determination by the MDL panel as to whether the case is appropriate for transfer.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Johnson & Johnson's motion to stay this action pending its likely transfer to MDL No. 2738. This matter is administratively closed pending the stay.

New Orleans, Louisiana, this __8th__ day of November, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE